UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

PROTECT OUR AQUIFER,
ENERGY ALABAMA, and
APPALACHIAN VOICES,
Plaintiffs,

v.  No.2:20-cv-02615-TLP-atc

TENNESSEE VALLEY AUTHORITY,
Defendant.

### NOTICE OF FILING OF INTERNET MATERIALS CITED DURING THE APRIL 1, 2022 HEARING ON TVA'S MOTION FOR RECONSIDERATION

Pursuant to Local Rule 7.2(i), TVA submits this notice of filing of internet materials cited during oral argument at the April 1, 2022 hearing on TVA's motion to reconsider (Doc. 54). TVA cited to the Meeting Minutes from the TVA Board of Directors' February 13, 2020 meeting ("Minutes"), which are publicly available on TVA's website.[1] A true and correct copy of the Minutes is being submitted herewith and is subject to judicial notice.[2]

As referenced during oral argument, the Minutes confirm that the TVA Board's August 22, 2019 approval of the implementation of a standard long-term agreement consistent with the Standard Elements marked the consummation of TVA's decision-making process as to the provisions of the long-term agreement being challenged in this lawsuit. (Minutes at 14

---

[1]  TVA Board Meeting Mins. (Feb. 13, 2020), https://tva-azr-eastus-cdn-ep-tvawcm-prd.azureedge.net/cdn-tvawcma/docs/default-source/about-tva/board-of-directors/february-13-2020/02-13-2020-board-meeting-minutes---oxford-ms-(ripped-pdf).pdf?sfvrsn=a362c8c1_4

[2]  *See U.S. ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003) (Courts may take judicial notice of facts from "public records and government documents available from reliable sources on the Internet."), *aff'd sub nom. Dingle v. Bioport Corp.*, 388 F.3d 209 (6th Cir. 2004); *see also Mitchell v. TVA*, No. 3:14-cv-360-TAV-HBG, 2015 WL 1962203, at *4 & n.2 (E.D. Tenn. Apr. 30, 2015) (taking judicial notice of TVA's website).

("WHEREAS management has implemented the LTA, and, at this time, 134 local power companies (LPCs) have signed it, *extending their termination notice period to 20 years . . . .*") (emphasis added).)

The Minutes also show that the TVA Board, *inter alia*, approved the implementation of a power supply flexibility option ("Flexibility Option") for Local Power Companies ("LPCs") that had signed the long-term agreement and delegated authority to TVA's CEO (or his designee) to develop standard terms to implement the Flexibility Option and to execute corresponding amendments to each LPC's wholesale power contract.[3] (Minutes at 14-15). TVA's commitment to provide "LPCs that signed the LTA [with] enhanced power supply flexibility" (Minutes at 14), was one of the "Standard Elements of the proposed long-term agreement" approved by the TVA Board on August 22, 2019, and for which the TVA Board delegated to TVA's CEO "the authority to enter into contract amendments to implement the agreement" (TVA Board Resolution (Aug. 22, 2019), Doc. 33-6 at PageID#3418). *See also id.* at PageID#3420 (describing, in Section 2(e), TVA's commitment "to develop and provide enhanced power supply flexibility"). The TVA Board's approval of the Flexibility Option is a separate circumscribed and discrete final agency action that is not being challenged in this lawsuit.[4]

---

[3]   The TVA Board's approval of the Flexibility Option and delegation of authority was "contingent upon satisfactory completion of any required environmental reviews." (Minutes at 14.) In June 2020, TVA completed its NEPA review of the Flexibility Option. (Power Supply Flexibility Proposal Final Environmental Assessment, Doc. 33-28.)

[4]   The Amended Complaint makes clear that Plaintiffs are not challenging TVA's NEPA review of the Flexibility Option. (Doc. 17 at PageID#1208 ¶ 39 & n.2 ("This action alleges violations of NEPA and the 1978 regulations promulgated by the Council on Environmental Quality because those regulations were in effect *in August of 2019 when the subject agency action occurred*.") (emphasis added); *see also id.* at PageID#1225 ¶ 124 (alleging that TVA's NEPA review of the Flexibility Option "did not satisfy TVA's obligation to consider and publicly disclose the environmental consequences of an agency action, and explore alternatives, *before* proceeding

The Minutes further reflect the TVA Board's approval of a delegation of authority to TVA's CEO "to approve certain changes to key elements of the long-term agreement (Standard Elements) with local power companies that were approved by the Board at its August 22, 2019, meeting." (Minutes at 21.) These changes pertained to the rights of LPCs in the event of a TVA wholesale base rate increase "of more than 10% over any five-year period" (Doc. 33-6 at PageID#3416 (third bullet)), and to the default and remedies provisions of the long-term agreement (*id.* at PageID#3417 (second and fourth bullets)).

Other than the TVA Board-approved changes reflected in these Minutes, there have been no other changes to the Standard Elements of the long-term agreement since the TVA Board approved them on August 22, 2019. The 20-year termination notice provision—the only Standard Element of the long-term agreement at issue in this lawsuit—is exactly the same today as when the TVA Board first approved its offer to LPCs on August 22, 2019. (*Compare* Doc. 33-6 at PageID#3416 (first bullet), *and id.* at PageID#3419 ("Notwithstanding any other provision of this section, [Cooperative/Municipality] may terminate this contract at any time upon not less than 20 years' prior written notice . . . ."), *with* Tennessee Valley Authority, Fiscal Year 2022 First Quarterly Report (Form 10-Q) at 36[5] ("Under the partnership arrangement, the LPC power contracts automatically renew each year and have a 20-year termination notice.").)

---

with the action")). In their response to TVA's motion to reconsider, Plaintiffs reiterated that the subject of their NEPA claim is the long-term agreement's termination notice provision, and Plaintiffs also conceded that the 3.1% bill credit "is not the component of the contract that Conservation Groups allege has the potential to have significant environmental effects." (Doc. 59 at PageID#5229 n.3.)

[5] https://www.sec.gov/Archives/edgar/data/0001376986/000137698622000005/tve-20211231.htm (Feb. 1, 2022).

Respectfully submitted,

*s/David D. Ayliffe*
David D. Ayliffe (TN BPR 024297)
Director, Litigation
Office of the General Counsel
Tennessee Valley Authority
400 West Summit Hill Drive
Knoxville, Tennessee 37902-1401
Telephone 865.632.8964;
　　　865.250.0421 (during telework)
ddayliffe@tva.gov

Attorney for Tennessee Valley Authority

110880603

4

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically through the Court's ECF system on the date shown in the document's ECF footer. Notice of this filing will be sent by operation of the Court's ECF system to all parties as indicated on the electronic filing receipt. Parties may access this filing through the Court's ECF system.

<u>s/David D. Ayliffe</u><br>
Attorney for Tennessee Valley Authority