UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

PROTECT OUR AQUIFER,
ENERGY ALABAMA, and
APPALACHIAN VOICES,
Plaintiffs,

v.                                                                  No.2:20-cv-02615-TLP-atc
                                                                    (Oral Argument Requested)

TENNESSEE VALLEY AUTHORITY,
Defendant.

**TENNESSEE VALLEY AUTHORITY'S MOTION TO DISMISS THE AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION OR FOR SUMMARY JUDGMENT ON PLAINTIFFS' ADMINISTRATIVE PROCEDURE ACT CLAIMS**

Pursuant to Rules 12(h)(3) and 56 of the Federal Rules of Civil Procedure and in accordance with the Court's Order Modifying Case Deadlines and Extending Summary Judgment Page Limits (Doc. 70), Defendant Tennessee Valley Authority ("TVA") respectfully moves this Court to dismiss Plaintiffs' Amended Complaint for lack of subject matter jurisdiction, or alternatively, for summary judgment on Plaintiffs' Administrative Procedure Act ("APA") claims. In support of this motion, TVA is submitting a Statement of Undisputed Material Facts from the Administrative Record and/or that are Subject to Judicial Notice as well as a memorandum of law.

For the reasons set forth in TVA's memorandum of law, TVA's motion is due to be granted and this lawsuit dismissed for lack of subject matter jurisdiction because Plaintiffs lack standing to pursue both their TVA Act and National Environmental Policy Act ("NEPA") claims. TVA also is entitled to dismissal of Plaintiffs' TVA Act claim for lack of subject matter jurisdiction because it is not reviewable under the APA, or alternatively, to the extent it is reviewable, TVA is entitled to summary judgment. Finally, TVA is entitled to summary judgment on Plaintiffs' NEPA claim

1

because the administrative record shows that TVA satisfied the requirements of the APA and did not violate NEPA.

Pursuant to Local Rule 7.2(d), TVA also requests that the Court allow oral argument on this motion because TVA believes a hearing likely would be helpful to the Court. The volume and temporal scope of the administrative record alone is sufficient to warrant oral argument because it is over 10,000 pages, documents almost 90 years of contractual history between TVA and its Local Power Company ("LPC") customers, and addresses TVA's implementation of NEPA dating back to the 1970s. As to Plaintiffs' TVA Act claim, oral argument is likely to provide a helpful opportunity to address any lingering questions the Court may have regarding the background of the long-term agreement and how it operates as a lawful amendment to the wholesale power contracts between TVA and its LPC customers. Additionally, the Court indicated in its July 14, 2022 Order that it may still have questions about the parties' positions regarding the final agency action at issue on Plaintiffs' NEPA claim (Doc. 67 at PageID##5312 n.2), and to the extent such questions remain after the parties' briefing on this issue, oral argument likely would provide a helpful opportunity to address them.

Respectfully submitted,

*s/David D. Ayliffe*
David D. Ayliffe, (TN BPR 024297)
Director, Litigation
Steven C. Chin (TN BPR 030011)
Office of the General Counsel
Tennessee Valley Authority
400 West Summit Hill Drive
Knoxville, Tennessee 37902-1401
Telephone 865.632.8964
ddayliffe@tva.gov
scchin@tva.gov

Attorneys for Tennessee Valley Authority

114825675

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically through the Court's ECF system on the date shown in the document's ECF footer. Notice of this filing will be sent by operation of the Court's ECF system to all parties as indicated on the electronic filing receipt. Parties may access this filing through the Court's ECF system.

*s/Steven C. Chin*
Attorney for Tennessee Valley Authority
