# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| PROTECT OUR AQUIFER, ENERGY ALABAMA, and APPALACHIAN VOICES, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| TENNESSEE VALLEY AUTHORITY, | ) ) |
| Defendant. | ) ) ) |

Case No. 2:20-cv-02615-TLP-atc

## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

### (Oral Argument Requested)

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, Plaintiffs Protect Our Aquifer, Energy Alabama, and Appalachian Voices (collectively, "Conservation Groups") move the Court for summary judgment in the above-captioned case. Pursuant to Local Rule 7.2(d), Conservation Groups respectfully request a hearing on this Motion.

Conservation Groups challenge the Tennessee Valley Authority's ("TVA") adoption and execution of anticompetitive Never-ending Contracts that place harsh caps on its distributors' access to local renewable energy and commit TVA to serving its distributors' electricity demand in perpetuity. The Never-ending Contracts dramatically and unlawfully alter the relationship between TVA and its distribution utility customers and harm Conservation Groups' and their members' interests in protecting natural resources and health in their communities, accessing low-cost local renewable energy, and advocating for those interests to TVA and their local municipal or member-owned distribution utilities.

1

Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). Conservation Groups' claims arise under the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.* ("APA"), the Tennessee Valley Authority Act, § 16 U.S.C. § 831 *et seq*. ("TVA Act"), and the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq*. ("NEPA"). The APA provides that a court shall "set aside agency action, findings, and conclusions" that are "found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law," "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," or "without observance of procedure required by law." 5 U.S.C. § 706(2)(A), (C), (D). In an administrative record case under the APA, the district court's task "is to determine whether or not the evidence in the record permitted the agency to make the decision it did, as a matter of law." *Oak Ridge Env't Peace All. v. Perry*, 412 F. Supp. 3d 786, 809 (E.D. Tenn. 2019).

For the reasons set forth in the accompanying Memorandum of Facts and Law and Statement of Undisputed Material Facts, Conservation Groups respectfully request that this Court enter summary judgment in their favor on both the TVA Act and NEPA claims. The record demonstrates that TVA violated both statutes as a matter of law when it adopted and executed the Never-ending Contracts. Conservation Groups have adduced facts in the record and the declarations filed with their Amended Complaint and this Motion that establish their standing to pursue both claims. The evidence shows that the Never-ending Contracts harm Conservation Groups' and their members' interests by locking in demand for TVA's power, prolonging and expanding TVA's heavy reliance on fossil fuels, and thwarting their efforts to influence TVA's power supply decisions both directly and through their distribution utilities.

TVA violated the Administrative Procedure Act and the TVA Act by adopting perpetual terms that exceed the straightforward twenty-year statutory limit on TVA's power supply contracts. TVA violated the Administrative Procedure Act and the National Environmental Policy Act by failing to conduct required environmental review before adopting and executing the Never-ending Contracts.

Accordingly, Conservation Groups respectfully request that the Court declare the Never-ending Contracts unlawful, vacate the Never-ending Contracts pending TVA's compliance with the law, and enjoin TVA from signing additional long-term contracts unless and until TVA completes environmental analysis and public disclosure as required by NEPA. Conservation Groups further request that the Court enjoin TVA from violating the twenty-year limitation found in the TVA Act, 16 U.S.C. § 831i, and order TVA not to include contract language that results in contract durations that never erode or lapse with the passage of time.

Pursuant to Local Rule 7.2(d), Conservation Groups respectfully request a hearing on this Motion. Conservation Groups submit that a hearing would be helpful to the Court because this case raises a novel issue of statutory interpretation under the TVA Act and requires application of NEPA in the unusual (but not unprecedented) context of power supply contracts.

Respectfully submitted,

s/Amanda Garcia
Amanda Garcia, BPR#033773
George Nolan, BPR#014974
Stephanie Biggs, BPR#036734
O. W. "Trey" Bussey, BPR#037814
Chelsea Bowling, BPR#037812
Southern Environmental Law Center
1033 Demonbreun Street, Suite 205
Nashville, TN 37203
Telephone: (615) 921-9470
Facsimile: (615) 921-8011
agarcia@selctn.org

gnolan@selctn.org
sbiggs@selctn.org
tbussey@selctn.org
cbowling@selctn.org

*Attorneys for Protect Our Aquifer, Energy Alabama, and Appalachian Voices*